[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant wife, whose birth name is Inzinga, was married to the plaintiff husband on March 20, 1985 in Coventry, Connecticut.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the CT Page 8083 commencement of these proceedings.
Two children were born to the wife. Both are issue of the marriage and are minors, to wit: Lisabette Marie Miller, born March 10, 1986; and Zachary Scott Miller, born October 30, 1987. The third child, issue of this marriage, legally adopted, is Neil Joseph Miller, born October 9, 1981.
From the evidence presented, the Court finds that the marriage has broken down irretrievably, there is no prospect for any reconciliation and a decree of dissolution is entered.
As of the date of the hearing, the parties had been married slightly more than eight years. The separation, however, occurred in September 1991. At that time, the Court entered pendente lite orders, by agreement of the parties, which granted the wife custody and gave to the husband specific rights of visitation. Basically, the husband has no quarrel with the present order, except he would like joint custody with physical custody in the wife. The wife objects to joint custody because of the total lack of communication during the past two years. She also testified that he is often late when he picks up the children. It appears that the present schedule has worked fairly well and the Court is inclined to continue its present order. It is further inclined to keep the wife as the sole custodian of the children. Ordinarily, the Court favors joint custody and attempts in most instances to find justification for such an order since it is normally in the best interests of the children. However, in this case, there has been a total lack of communication. This aberational behavior is certainly not conducive to an order of joint custody. At this time, given the background of the parents' relationship, the Court will deny the request for joint custody.
Both of the parties are college graduates and both are apparently in fairly good health. They are both 39 years of age. The wife presently works 35 hours a week at the Postal Department. She does, however, possess a bachelor of science degree and is, by training, a veterinary nurse. She now earns $9.91 per hour which translates to $435 per week gross. She also gets a mileage reimbursement which averages $88 per week. She has no medical or retirement benefits at this time. CT Page 8084
The husband is employed at Travelers and earning $1,050 per week. Approximately $71 per week are withheld from his wages for medical, insurance, medicare and dental.
Clearly, the husband has a present capacity to earn substantially more money than the wife. He also possesses a Savings Investment and Stock Ownership Plan.
The Court need not recite the allegations made by the parties relative to the cause of the breakdown. It does, however, find that the behavior of the husband contributed substantially more to the breakdown than the behavior of the wife. She was, by far, the more credible witness.
The Court would be remiss, however, if it failed to comment on certain behavior of the wife relative to specific court orders. Her disposing of the horse, the tractor and the canoe is extremely upsetting. The Court finds her testimony relative to these items nonbelievable. As a result, the following orders concerning these items is an attempt by the Court to even the playing field so that she may well be disinclined in the future to violate court orders.
Accordingly, the Court, having considered all of the evidence, and accepting the stipulation of the parties as to the value of the marital home, and further considering the criteria established by Connecticut General Statutes 46b-81,46b-82 and 46b-84, the Court further orders as follows:
(1) Custody of the minor children shall vest with the mother and the father shall have the following rights of visitation.
 a. Alternating weekends from Saturday at 7:00 a.m. to Sunday at 6:00 p.m.
 b. On the other weekend, visitation shall be on Saturday, from 7:00 a.m. to 3:00 p.m.
 c. There shall be telephone contact permitted each Thursday at CT Page 8085 6:30 p.m. Also, telephone contact shall occur on Father's Day and on the children's birthdays.
 d. The mother shall provide the father access to all of the children's medical records and school report cards as well as P.T.A. meetings and all other significant school dates.
 e. Neither party will make derogatory comments about the other to the children.
 f. Commencing in 1993 and in odd-numbered years thereafter, the father shall have the children from Christmas Eve at 6:00 p.m. to noon on Christmas Day. All major holidays shall be alternated including the children's birthdays.
 g. The parties shall exchange telephone numbers and addresses and shall provide sixty (60) days notice of his or her intention to change the residence outside the State of Connecticut.
(2) The husband shall pay as support for the minor children the sum of $90 per week per child. This shall be secured by an immediate wage garnishment. The Court further finds that the Connecticut Child Support Guidelines are applicable.
(3) The husband shall pay to the wife as period alimony the sum of $60 per week, which alimony shall terminate upon the happening of the first of the following events:
 a. death of either party b. cohabitation by the wife c. three years from the date of this decree
CT Page 8086
Alimony shall be nonmodifiable as to term.
(4) Husband shall maintain, as available through his employment, medical and dental insurance for the benefit of the minor children. All unreimbursed medical and dental expenses shall be divided equally. These orders are entered subject to the provisions of Connecticut General Statutes46b-84(c).
(5) By judicial decree, the Court assigns all of the husband's right, title and interest in the marital premises located at 493 Brooklyn Road, Canterbury, Connecticut, to the wife. She shall pay the mortgage, insurance, taxes and all other household expenses and shall hold the husband harmless.
(6) The wife shall pay all of the liabilities shown on her financial affidavit and shall hold the husband harmless.
(7) The husband shall pay all of the liabilities on his financial affidavit and shall hold the wife harmless.
(8) All of the animals shall become the sole and exclusive property of the wife.
(9) The husband shall be allowed to take the two oldest children as exemptions on his federal and state tax returns. The wife shall execute all documents necessary to effect this purpose.
(10) The wife shall return to the husband the canoe, the tractor, the coffee urn and his tool set. If the wife is unable to return the canoe and tractor, she shall pay the husband $1,200 forthwith.
(11) The wife shall, at husband's expense, provide him with whatever pictures of the children were taken during the marriage and are presently available.
(12) The wife shall be entitled, except as otherwise provided, keep the furnishings in the marital home.
(13) The Court affirms the magistrate's findings CT Page 8087 of an arrearage and orders said arrearage to be paid in accordance with the order of the magistrate.
(14) The husband shall within ninety (90) days pay as an allowance to prosecute the sum of $700.
(15) The wife shall transfer all of her interest in the time share to the husband. He shall hold her harmless from any debt or deficiency which may result from foreclosure or sale.
(16) No further orders as to distribution of property is made by the Court.
Mihalakos, J.